1 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
2 PAUL S. MALINGAGIO, Cal. Bar No. 90451
  pmalingagio@sheppardmullin.com
3 ALISON N. KLEAVER, Cal. Bar No. 251410
  akleaver@sheppardmullin.com
4 333 South Hope Street, 43rd Floor
  Los Angeles, California 980071-1422
5 Telephone: 213.620.1780
  Facsimile: 213.620.1398
6
7 BURR & FORMAN LLP
  MARTIN E. BURKE (admitted *pro hac vice*)
  mburke@burr.com
8 S. GREG BURGE (appearing *pro hac vice*)
  gburge@burr.com
9 GARY M. LONDON (appearing *pro hac vice*)
  glondon@burr.com
10 420 North 20th Street, Suite 3400
  Birmingham, Alabama 35203
11 Telephone: 205.251-3000
  Facsimile: 205.458-5100
12
13 Attorneys for Plaintiff
  AMERICAN CASTINGS LLC
14
15             UNITED STATES DISTRICT COURT
16             CENTRAL DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18 AMERICAN CASTINGS LLC, an Oklahoma limited liability company,<br><br>19    Plaintiff,<br><br>20    v.<br><br>21 TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL<br>22 WISCONSIN, a California corporation,<br><br>23    Defendant. | Case No. SACV13-839-JST (JCGx)<br><br>STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER THEREON<br><br>NOTE CHANGES MADE BY THE COURT. |

24
25    WHEREAS, all parties to this action believe that in the course of this action
26
27 or related arbitration (collectively the "Proceedings") certain information is likely to
28 12118696

1  be disclosed and produced that constitutes trade secrets or other confidential

2  research, development, or commercial information within the meaning of Rule 26(c)

3  of the Federal Rules of Civil Procedure; and

4

5       WHEREAS, all parties desire to limit the extent of disclosure and use of such

6  confidential material; and

7       WHEREAS, all of the parties believe that entry of a Protective Order pursuant

8  to Rule 26 (c) of the Federal Rules of Civil Procedure would serve these interests;

9

10  and

11      WHEREAS, the Court finds that good cause exists for the entry of this

12

13  Protective Order in this action pursuant to Rule 26(c) of the Federal Rules of Civil

14  Procedure in order to protect trade secrets and other confidential research,

15  development, or commercial information against unauthorized disclosure and use;

16

17      IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to

18  Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall

19  govern all productions and/or disclosures of information by any party or non-party

20

21  for purposes of ~~the Proceedings~~ *discovery only.* ~~whether evidenced in initial disclosures, documents~~

22  or other information, transcripts, ~~exhibits,~~ interrogatory answers, responses to

23  requests for admission, inspections, subpoena responses, testimony or otherwise

24

25  (any and all of which is hereinafter referred to as "Discovery Material"); this

26  Protective Order shall also govern the handling of all such information produced or

27

28                          -2-

disclosed to any party or non-party (the "Receiving Party") for purposes of ~~the~~ ~~Proceedings.~~ *discovery, not hearings or trial.*

    1.    As used in this Protective Order, the term "document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, including without limitation all written, recorded, transcribed, stored or graphic matter or information of every type and description, however and by whomever prepared, produced, reproduced, disseminated, made, or stored, and whether on hard copy, tapes, disks, cloud storage, or other media and including all non-duplicate copies and transcripts thereof.

    2.    This Protective Order shall apply to all information and documents, things, discovery responses and testimony designated in good faith, and with a reasonable basis, as constituting or containing confidential material by parties and non-parties to the Proceedings. Any confidential material produced by a party or non-party in the Proceedings may be designated by any party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

    3.    Any party or non-party may designate any Discovery Material as "CONFIDENTIAL" (hereinafter "Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis,

2118696

believes that such Discovery Material contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information.

4. Any party or non-party may designate any Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "Highly Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis, believes that such Discovery Material contains highly sensitive technical information relating to research for and/or production of past or current products; technical, business or research information regarding future products; highly sensitive financial information or marketing plans or forecasts; highly sensitive customer lists, pricing data, cost data, customer orders, customer quotations, or any non-public pending or abandoned patent applications, either foreign or domestic, and/or quotations or bids for future contracts. In addition, a party or non-party shall have the further right to designate and mark documents as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that reflect or evidence other proprietary information that the party or non-party reasonably believes is of such nature and character that disclosure of such information to a party of record would be harmful to the party or non-party or would be of use to a competitor(s) of the party or non-party.

5. CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived

-4-

1  therefrom shall be used solely for purposes of the Proceedings, shall not be

2  disclosed to any third party except as allowed by this Protective Order or further

3  order of the arbitrator, and shall not be used for any other purpose, including,

4

5  without limitation, any business, proprietary, commercial, governmental, or

6  litigation purpose.

7

8       6.      The designation of Discovery Material as "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this

10

11  Protective Order shall be made in the following manner by the party or non-party:

12       (a)     In the case of disclosures, documents, exhibits, briefs,

13

14  memoranda, interrogatory answers, responses to requests for admission, or other

15  documentary materials and tangible things by either (i) affixing the legend

16  "CONFIDENTIAL" to each thing and each page containing any Confidential

17

18  Discovery Material or affixing the legend "HIGHLY CONFIDENTIAL --

19  ATTORNEYS' EYES ONLY" to each thing and each page containing Highly

20

21  Confidential Discovery Material; or (ii) in the case of electronic productions or

22  disclosures, by prominently designating in transmittal correspondence and on labels

23  placed on all production media the styles of the Proceedings and designation of

24

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

26  ONLY."

27

28

-5-

2118696

1      (b)    In the case of depositions or other testimony, (i) by a statement

2   on the record by counsel during such deposition or other testimony or portion

3   thereof that such testimony shall be treated as Confidential or Highly Confidential

4

5   Discovery Material, or (ii) by written notice to all parties within ten (10) business

6   days after the written transcript is made available to the designating party's counsel.

7   Where testimony is so designated, all parties shall affix to all originals and copies of

8

9   transcripts in their respective possession, custody or control the appropriate

10  confidentiality legends.  The parties shall treat all depositions and other testimony as

11  Highly Confidential Discovery Material until ten (10) business days after receiving

12

13  a copy of the transcript thereof.  After ten (10) business days, only those portions of

14  any transcript designated as "CONFIDENTIAL" shall be deemed Confidential

15  Discovery Material, and only those portions of any transcript designated as

16

17  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed

18  Highly Confidential Discovery Material.

19

20      (c)    In the case of information made available during an inspection of

21  premises or things, all such information shall initially be deemed "HIGHLY

22

23  CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Counsel for the Receiving

24  Party shall within twenty (20) business days of the inspection provide counsel for

25  the party or non-party with copies of all drawings, videotapes, photographs, or other

26

27  documents containing information received during the inspection, except such

28
                              -6-

1  documents that constitute or contain material protected as attorney work product.

2  Counsel for the party or non-party shall within ten (10) business days of receipt

3
4  designate all or portions of such drawings, videotapes, photographs, or other

5  documents with the appropriate confidentiality designation and markings as

6  specified above.  Counsel for the Receiving Party shall thereafter arrange to affix the

7
8  designated confidentiality markings to all notes, drawings, photographs, videotapes

9  or other documents and copies or portions thereof containing the designated

10  confidential information.

11

12        (d)    The inadvertent or unintentional disclosure by the Producing

13  Party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

14  EYES ONLY" information, regardless of whether the information was so designated

15
16  at the time of disclosure, shall not be deemed a waiver in whole or in part of the

17  claim of a party or non-party of confidentiality as to the information disclosed. Any

18
19  such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, not designated as

21  such pursuant to paragraph 5, shall be designated as "CONFIDENTIAL" or

22
23  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as soon as

24  reasonably possible after the party or non-party becomes aware of the inadvertent

25
26  or unintentional disclosure. The Receiving Party shall thereafter mark and treat the

27  materials in accordance with the assigned confidentiality designation, and such

28                                    -7-

materials shall be fully subject to this Protective Order as if they had been initially so designated.

7.      Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a)     outside counsel of record for the parties in the Proceedings, members of their firms, associate attorneys, counsel retained by counsel of record to assist, paralegal, clerical and other regular or temporary employees of counsel necessary to assist in the conduct of the Proceedings;

(b)     the Receiving Party, and any current or former partner, shareholder, director, member, officer, employee or agent of the Receiving Party, but only as necessary to provide assistance in the conduct and evaluation of the Proceedings;

(c)     outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") and their respective staff retained by a party in the Proceedings, but only as necessary for such Consultant to perform his or her assigned tasks in connection with the Proceedings.  Any Consultant who has ever participated in the ductile iron bomb or steel bomb industries ("Industry Consultant") shall be identified by delivering to the Producing Party the name,

-8-

address and a curriculum vitae of the Industry Consultant in writing at least seven

(7) business days prior to any disclosure of Discovery Material designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY." During such seven (7) day period, opposing counsel may object to the

disclosure of the designated material to the identified Industry Consultant, and such

objection shall bar the disclosure of the designated material to that person until the

parties agree otherwise or until the Court or arbitrator rules otherwise;

      (d)    the party or non-party who provides the information or

document(s), and any current or former partner, shareholder, director, member,

officer, employee or agent, but with respect to any former partner, director,

officer, employee or agent only as necessary to provide assistance in the conduct

and evaluation of the Proceedings;

      (e)    third parties who authored, created or provided source

information for the authoring or creation of the material;

      (f)    any person indicated on the document as being the creator,

author, sender or  recipient of the material;

      (g)    vendors and their personnel retained by outside counsel for

purposes of facilitating the identification, preservation, collection, processing,

2118696

1  review, analyses, inspections, or production of electronically stored information for

2  purposes of the Proceedings;

3

4          (h)    the Court, court personnel and court reporters; arbitrator and

5  arbitration organization's personnel; and outside photocopying, imaging,

6

7  database, graphics, or design services retained by outside counsel for purposes of

8  preparing demonstrative or other exhibits for deposition, trial, or other court or

9  arbitration proceedings;

10

11          (i)    Any non-party witness in this litigation, and his or her counsel,

12  but only for the witness's review in preparation for or during his or her deposition or

13

14  in preparation for his or her testimony at trial or a hearing for purposes of the

15  Proceedings;

16

17          (j)    Mediators, arbitrators, or similar outside parties and their staffs

18  enlisted by the parties in the Proceedings to assist with resolution;

19

20          (k)    Outside commercial copying services;

21

22          (l)    Privately retained court reporters, videographers or transcribers;

23

24          (m)    Any person(s) to whom the subject confidential information has

25  previously been disclosed through means unrelated to the Proceedings;

26

27

28                             -10-

(n)     other persons only upon Order of the Court or arbitrator for good cause shown or upon written stipulation of the party or non-party who provided the information or document(s).

8.     Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraphs 7(a), (c), (d)(but not to former partners, directors, shareholders, members, officers, employees or agents who did not author, send or receive the subject confidential information), (e), (f), (g), (h), (i), (j), (k), (l), (m) and (n).

9.     Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order listed in paragraphs 7 or 8 shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a court order. Any such person to be given access to Material [other than those persons listed in paragraphs 7(h), (j), (k), (l) and (m)] must first read the Protective Order, and must execute, in the form attached

-11-

hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order. The original Undertaking shall be retained by counsel giving access to the Material. If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally. Pending resolution of such objections, no disclosures of Material may be made.

10.     If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraphs 7 or 8, the following procedures shall apply. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the prior written consent or oral consent during a deposition on the record of the party or non-party who provided the information or documents, or (b) order of the Court or arbitrator upon motion and notice. After receiving such consent or order, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking of the deponent in the form attached as Exhibit A.  Neither prior consent nor an Undertaking is required if the witness is a present or former partner, shareholder, director, member,

2118696

officer, employee or consultant of the party or non-party whose information is involved, and if he or she authored, sent or received the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during the course of his or her employment or consultancy.  In any event, should any party desire to examine the nonparty witness concerning "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and be precluded from doing so due to the requirements of this paragraph, then the examining party shall be allowed to later reconvene and complete the nonparty witness's examination after meeting the requirements of this paragraph.

11.     Should any Confidential or Highly Confidential Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Protective Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately advise the Producing Party of the identity of Confidential or Highly Confidential Discovery Material so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents and things containing the inadvertently

-13-

disclosed information. The executed Undertaking shall be served promptly upon the Producing Party.

12.     All documents of any nature, including briefs, which contain information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or which contain Confidential or Highly Confidential Discovery Material, which are filed with the Court or arbitrator shall be filed under seal *pursuant to L.R. 79-5* ~~in an envelope or other container marked with the~~ appropriate style used in the Proceedings, the title of the filing which contains the Confidential Discovery Material, and a statement substantially in the following form, or in a manner consistent with the Local Rules of the District Court for the Central District of California:

**CONFIDENTIAL [or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"]**
**FILED PURSUANT TO A PROTECTIVE ORDER**
**THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY**
~~**COURT OR ARBITRATOR'S ORDER.**~~

13.     Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material produced by another party

-14-

1  or non-party contains or reflects trade secrets, proprietary or commercially sensitive

2  information or any other type of confidential information;

3

4          (b)    operate as an admission by any party that the restrictions and

5  procedures set forth herein constitute adequate protection for any particular

6

7  information deemed by any party to be Confidential or Highly Confidential

8  Discovery Material;

9

10          (c)    prejudice in any way the rights of any party to object to the

11  production of documents considered not subject to discovery;

12

13          (d)    prejudice in any way the rights of any party to object to the

14  authenticity or admissibility into evidence of any document, testimony or other

15  evidence subject to this Protective Order;

16

17          (e)    prejudice in any way the rights of a party to seek determination

18  by the Court or arbitrator whether any Discovery Material should or should not be

19

20  subject to the terms of this Protective Order;

21

22          (f)    prejudice in any way the rights of a party to petition the Court or

23  arbitrator for a further protective order relating to any purportedly confidential

24  information; and/or

25

26

27

28

(g)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition ~~or hearing in the Proceedings~~ to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

14.     Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independent of the Proceedings, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, the Producing Party; or

(b)     is or becomes publicly known by lawful means and through no fault or act of the Receiving Party; or

(c)     is lawfully received by the Receiving Party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

15.     In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material

-16-

1  until the newly-joined party or its counsel has executed and, at the request of any

2  party, filed with the Court its agreement to be fully bound by this Protective Order

3  or an alternative protective Order entered by the Court.

4

5      16.      It is the present intention of the parties that the provisions of this

6  Protective Order shall govern all discovery ~~and other pretrial, hearing and/or trial~~

7  ~~proceedings in the Proceedings.~~ Nonetheless, each of the parties hereto shall be

8

9  entitled to seek modification of this Protective Order by application to the Court or

10  arbitrator on notice to all parties to the Proceedings.  No change in this Protective

11  Order that adversely affects the protection of any information, document, or thing

12  produced or given by a non-party to the Proceedings shall be made without giving

13  appropriate notice to that non-party and an opportunity to be heard by the Court or

14

15  arbitrator.

16

17      17.      The provisions of this Protective Order and  the jurisdiction of the

18  Court and arbitrator to enforce its terms shall survive the conclusion of the

19  Proceedings.  Within sixty (60) days after receiving notice of the entry of an Order,

20  judgment or decree finally disposing of the Proceedings, including any appeals

21

22  therefrom, all persons having received Confidential or Highly Confidential

23  Discovery Material shall, upon written request of the Producing Party or its counsel,

24

25  return to the Producing Party (or its counsel) such material and all copies thereof

26  (including summaries and excerpts) or destroy all such material and copies. Counsel

27

28  -17-

1   shall make reasonable efforts to ensure that any retained Consultants abide by this

2   provision. Counsel shall provide a certification to the Producing Party (or its

3   counsel) that all Confidential or Highly Confidential Discovery Material has been

4

5   returned or destroyed pursuant to this paragraph. Outside counsel of record in the

6   Proceedings shall be entitled to retain court papers, deposition and trial transcripts,

7   exhibits and attorney work product (including court papers, transcripts, and attorney

8

9   work product that contains Confidential or Highly Confidential Discovery Material)

10  provided that such counsel, and employees of such counsel, shall not disclose any

11  Confidential or Highly Confidential Discovery Material contained in such court

12

13  papers, transcripts, or attorney work product to any person or entity except pursuant

14  to a written agreement with the Producing Party. All material returned to the parties

15  or their counsel by the Court or arbitrator likewise shall be handled in accordance

16

17  with this paragraph.

18

19      18.     During the pendency of the Proceedings, any party objecting to the

20  designation of any Discovery Material or testimony as Confidential or Highly

21  Confidential Discovery Material may, after making a good-faith effort to resolve

22

23  any objection, move for an Order from the arbitrator vacating the designation. While

24  such an application is pending, the Discovery Material or testimony in question shall

25  be treated as it has been designated, either Confidential or Highly Confidential

26

27  Discovery Material, pursuant to this Protective Order. The provisions of this

28                                      -18-

1   Protective Order are not intended to shift the burden of establishing confidentiality,

2   which shall at all times remain with the Producing Party.

3

4       19.     In the event that any Confidential or Highly Confidential Discovery

5   Material is used in any trial, hearing or other court or arbitration proceeding in the

6   Proceedings or any appeal therefrom, said Confidential or Highly Confidential

7

8   Discovery Material shall not lose its status as Confidential or Highly Confidential

9   Discovery Material through such use. Counsel shall confer with the Court or

10  arbitrator as appropriate on such procedures as are necessary to protect the

11

12  confidentiality of any documents, information and transcripts used in the course of

13  any such proceedings.

14

15      20.     If any Receiving Party (a) is subpoenaed in another action, or (b) is

16  served with a demand in another action to which it is a party, or (c) is served with

17

18  any legal process by one not a party to the Proceedings, seeking Discovery Material

19  which was produced or designated as "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by someone other than the

21

22  Receiving Party, the Receiving Party shall give actual written notice, by hand, email

23  or facsimile transmission, within five (5) business days of receipt of the subpoena,

24

25  demand, or legal process to those who produced or designated the material

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

27  ONLY" to allow the  party or non-party to object to the production to the extent

28                                          -19-

1  permitted by law. Should the person seeking access to the Confidential or Highly

2  Confidential Discovery Material take action against the Receiving Party or anyone

3
4  else covered by this Protective Order to enforce such a subpoena, demand or other

5  legal process, the Receiving Party shall respond by setting forth the existence of this

6  Protective Order. The  party or non-party shall bear the burden and expense of

7
8  seeking protection of its confidential material, and nothing in these provisions

9  should be construed as authorizing or encouraging a party in this action to disobey a

10  lawful and binding directive from another court or arbitrator.

11

12  21.      The production of privileged or work-product protected documents or

13  information, whether inadvertent or otherwise, is not a waiver of the privilege or
14
15  protection from discovery in the Proceedings or in any other federal or state

16  proceeding.  This Order shall be interpreted to provide the maximum protection

17  allowed by Federal Rule of Evidence 502(d).
18

19  22.      It is the intent of the parties that this Protective Order be issued by

20
21  the Court in order that any violations thereof may be punished by contempt

22  proceedings initiated in the Court, but that the arbitrator shall have complete and

23  unfettered jurisdiction to make all determinations necessary or appropriate to

24
25  determine the protectability of  all information and documents that are subject to the

26  protection of this Protective Order, and that all proceedings concerning the

27  application of this Protective Order, other than contempt proceedings for the

28                                -20-

2118696

1  violation thereof, shall be conducted by and through the arbitrator in the pending

2  arbitration proceeding.

3

4      Stipulated to by the following:

5
                                            _/s/ Martin E. Burke_____
6                                           Gary M. London (ASB-0105-N37G)
                                            S. Greg Burge (ASB-0558-B37S)
7                                           Martin E. Burke (ASB-1039-K72M)
8                                           Attorneys for AMERICAN CASTINGS LLC

9  OF COUNSEL:

10 BURR & FORMAN LLP
   420 North 20th Street, Suite 3400
11 Birmingham, Alabama 35203
   Telephone: (205) 251-3000
12 Facsimile: (205) 458-5100
13 glondon@burr.com
   gburge@burr.com
14 mburke@burr.com
15
   SHEPPARD, MULLIN, RICHTER
16 & HAMPTON LLP
17 333 South Hope Street, 43rd Floor
   Los Angeles, California 90071-1422
18 pmalingagio@sheppardmullin.com
19 akleaver@sheppardmullin.com

20

21

22

23

24

25
                                            _____
26                                          Julian A. Pollok (Ca. SBN 48484)
                                            Attorneys for
27                                          TOWER INDUSTRIES, INC., D/B/A
28                                          ALLIED MECHANICAL WISCONSIN
                                            -21-

2118696
Error! Unknown document property name.

1  violation thereof, shall be conducted by and through the arbitrator in the pending

2  arbitration proceeding.

3

4          Stipulated to by the following:

5

6                                          _____
                                           Gary M. London (ASB-0105-N37G)
7                                          S. Greg Burge (ASB-0558-B37S)
                                           Martin E. Burke (ASB-1039-K72M)
8                                          Attorneys for AMERICAN CASTINGS LLC

9  OF COUNSEL:

10 BURR & FORMAN LLP
   420 North 20th Street, Suite 3400
11 Birmingham, Alabama  35203
   Telephone: (205) 251-3000
12 Facsimile: (205) 458-5100
   glondon@burr.com
13
   gburge@burr.com
14 mburke@burr.com

15
   SHEPPARD, MULLIN, RICHTER
16 & HAMPTON LLP

17 333 South Hope Street, 43rd Floor
   Los Angeles, California 90071-1422
18 pmalingagio@sheppardmullin.com
19 akleaver@sheppardmullin.com

20

21

22

23

24

25                                         _____
                                           Julian A. Pollok (Ca. SBN 48484)
26                                         Attorneys for
27                                         TOWER INDUSTRIES, INC., D/B/A
                                           ALLIED MECHANICAL WISCONSIN
28                                                    -21-

1

2  Law Offices of Julian A. Pollok

3  A Professional Corporation
   505 North Brand Boulevard, Suite 1050

4  Glendale, California  91203

5  ENTERED this date _November 15_ , 2013

6

7

8

9  _____
   UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    -22-
   2118696
   Error! Unknown document property name.

**EXHIBIT A**

1

**EXHIBIT A**

2

3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

4

5

6 | AMERICAN CASTINGS LLC, an
Oklahoma limited liability company,

7 |        Plaintiff,

8 |        v.

9 | TOWER INDUSTRIES, INC., d/b/a
ALLIED MECHANICAL

10 | WISCONSIN, a California corporation,

11 |        Defendant.

Case No. SACV13-839-JST (JCGx)

**UNDERTAKING RE:
STIPULATED PROTECTIVE
ORDER GOVERNING
CONFIDENTIAL INFORMATION**

12

13       The undersigned hereby acknowledges that he or she has read the Stipulated

14 Protective Order Governing Confidential Information in the above-captioned action;

15

16 that he or she understands the terms thereof, that he or she agrees to be bound by its

17 terms; and that he or she consents to the jurisdiction of the United States District

18 Court for the Central District of California in all matters concerning the Protective

19

20 Order and this Undertaking.

21 Signature _____

22 Print Name and address: _____

23

24 Employer or Business Affiliation: _____

25 Date: _____

26

27

28

2118563

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

At the time of service, I was over 18 years of age and not a party to this
action. I am employed in the County of Los Angeles, State of California. My

4

business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5

On November 13, 2013, I served true copies of the following document(s)

6

described as **STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER THEREON**

7

on the interested parties in this action as follows:

8

Julian A. Pollok, Esq.
Law Offices of Julian A. Pollok

9

505 N. Brand Blvd., Suite 1050
Glendale, California 91203

10

julianpollok@sbcglobal.net

11

☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package

12

addressed to the persons at the addresses listed in the Service List and placed the
envelope for collection and mailing, following our ordinary business practices. I am

13

readily familiar with the firm's practice for collecting and processing
correspondence for mailing. On the same day that the correspondence is placed for

14

collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.

15

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of

16

the document(s) to be sent via e-mail to the persons at the e-mail addresses listed in
the Service List. I did not receive, within a reasonable time after the transmission,

17

any electronic message or other indication that the transmission was unsuccessful.

18

☐   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand
to the office of the addressee(s).

19

20

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office

of a member of the bar of this Court at whose direction the service was made.

21

22

Executed on November 13, 2013, at Los Angeles, California.

23

24

_/s/ Jennifer B. Rodriguez_____
JENNIFER B. RODRIGUEZ

25

26

27

28