SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
pmalingagio@sheppardmullin.com
J. JUDY SUWATANAPONGCHED, Cal. Bar No. 266313
jsuwatanapongched@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

BURR & FORMAN LLP
MARTIN E. BURKE (admitted *pro hac vice*)
mburke@burr.com
S. GREG BURGE (appearing *pro hac vice*)
gburge@burr.com
GARY M. LONDON (appearing *pro hac vice*)
glondon@burr.com
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  205.251-3000
Facsimile:   205.458-5100

Attorneys for Plaintiff
AMERICAN CASTINGS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASTINGS LLC, an Oklahoma limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL WISCONSIN, a California corporation,<br><br>  Defendant. | Case No. 8:13-CV-00839-JLS-JCG<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND ORDER THEREON** |

SMRH:437387335.1                STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

WHEREAS, all parties to this action believe that in the course of this action or related arbitration (collectively the "Proceedings") certain information is likely to be disclosed and produced that constitutes trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, all parties desire to limit the extent of disclosure and use of such confidential material; and

WHEREAS, all of the parties believe that entry of a Protective Order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure would serve these interests; and

WHEREAS, the Court finds that good cause exists for the entry of this Protective Order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information against unauthorized disclosure and use;

IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall govern all productions and/or disclosures of information by any party or non-party for purposes of the Proceedings, whether evidenced in initial disclosures, documents or other information, transcripts, exhibits, interrogatory answers, responses to requests for admission, inspections, subpoena responses, testimony or otherwise (any and all of which is hereinafter referred to as "Discovery Material"); this Protective Order shall also govern the handling of all such information produced or disclosed to any party or non-party (the "Receiving Party") for purposes of the Proceedings.

1. As used in this Protective Order, the term "document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, including without limitation all written, recorded, transcribed, stored or graphic matter or

information of every type and description, however and by whomever prepared, produced, reproduced, disseminated, made, or stored, and whether on hard copy, tapes, disks, cloud storage, or other media and including all non-duplicate copies and transcripts thereof.

2. This Protective Order shall apply to all information and documents, things, discovery responses and testimony designated in good faith, and with a reasonable basis, as constituting or containing confidential material by parties and non-parties to the Proceedings. Any confidential material produced by a party or non-party in the Proceedings may be designated by any party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

3. Any party or non-party may designate any Discovery Material as "CONFIDENTIAL" (hereinafter "Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis, believes that such Discovery Material contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information.

4. Any party or non-party may designate any Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "Highly Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis, believes that such Discovery Material contains highly sensitive technical information relating to research for and/or production of past or current products; technical, business or research information regarding future products; highly sensitive financial information or marketing plans or forecasts; highly sensitive customer lists, pricing data, cost data, customer orders, customer quotations, or any non-public pending or abandoned patent applications, either foreign or domestic, and/or quotations or bids for future contracts. In addition, a party or non-party shall have the further right to designate

-2-

and mark documents as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that reflect or evidence other proprietary information that the party or non-party reasonably believes is of such nature and character that disclosure of such information to a party of record would be harmful to the party or non-party or would be of use to a competitor(s) of the party or non-party.

5. CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of the Proceedings, shall not be disclosed to any third party except as allowed by this Protective Order or further order of the arbitrator, and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

6. The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the party or non-party:

(a) In the case of disclosures, documents, exhibits, briefs, memoranda, interrogatory answers, responses to requests for admission, or other documentary materials and tangible things by either (i) affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material or affixing the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each thing and each page containing Highly Confidential Discovery Material; or (ii) in the case of electronic productions or disclosures, by prominently designating in transmittal correspondence and on labels placed on all production media the styles of the Proceedings and designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(b) In the case of depositions or other testimony, (i) by a statement on the record by counsel during such deposition or other testimony or portion

thereof that such testimony shall be treated as Confidential or Highly Confidential Discovery Material, or (ii) by written notice to all parties within ten (10) business days after the written transcript is made available to the designating party's counsel. Where testimony is so designated, all parties shall affix to all originals and copies of transcripts in their respective possession, custody or control the appropriate confidentiality legends. The parties shall treat all depositions and other testimony as Highly Confidential Discovery Material until ten (10) business days after receiving a copy of the transcript thereof. After ten (10) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential Discovery Material.

(c)     In the case of information made available during an inspection of premises or things, all such information shall initially be deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Counsel for the Receiving Party shall within twenty (20) business days of the inspection provide counsel for the party or non-party with copies of all drawings, videotapes, photographs, or other documents containing information received during the inspection, except such documents that constitute or contain material protected as attorney work product. Counsel for the party or non-party shall within ten (10) business days of receipt designate all or portions of such drawings, videotapes, photographs, or other documents with the appropriate confidentiality designation and markings as specified above. Counsel for the Receiving Party shall thereafter arrange to affix the designated confidentiality markings to all notes, drawings, photographs, videotapes or other documents and copies or portions thereof containing the designated confidential information.

(d) The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of a party or non-party of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, not designated as such pursuant to paragraph 5, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as soon as reasonably possible after the party or non-party becomes aware of the inadvertent or unintentional disclosure. The Receiving Party shall thereafter mark and treat the materials in accordance with the assigned confidentiality designation, and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

7. Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a) outside counsel of record for the parties in the Proceedings, members of their firms, associate attorneys, counsel retained by counsel of record to assist, paralegal, clerical and other regular or temporary employees of counsel necessary to assist in the conduct of the Proceedings;

(b) the Receiving Party, and any current or former partner, shareholder, director, member, officer, employee or agent of the Receiving Party, but only as necessary to provide assistance in the conduct and evaluation of the Proceedings;

(c) outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") and their respective staff retained by a party in

the Proceedings, but only as necessary for such Consultant to perform his or her assigned tasks in connection with the Proceedings. Any Consultant who has ever participated in the ductile iron bomb or steel bomb industries ("Industry Consultant") shall be identified by delivering to the Producing Party the name, address and a curriculum vitae of the Industry Consultant in writing at least seven (7) business days prior to any disclosure of Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." During such seven (7) day period, opposing counsel may object to the disclosure of the designated material to the identified Industry Consultant, and such objection shall bar the disclosure of the designated material to that person until the parties agree otherwise or until the Court or arbitrator rules otherwise;

(d) the party or non-party who provides the information or document(s), and any current or former partner, shareholder, director, member, officer, employee or agent, but with respect to any former partner, director, officer, employee or agent only as necessary to provide assistance in the conduct and evaluation of the Proceedings;

(e) third parties who authored, created or provided source information for the authoring or creation of the material;

(f) any person indicated on the document as being the creator, author, sender or recipient of the material;

(g) vendors and their personnel retained by outside counsel for purposes of facilitating the identification, preservation, collection, processing, review, analyses, inspections, or production of electronically stored information for purposes of the Proceedings;

(h) the Court, court personnel and court reporters; arbitrator and arbitration organization's personnel; and outside photocopying, imaging, database, graphics, or design services retained by outside counsel for purposes of

preparing demonstrative or other exhibits for deposition, trial, or other court or arbitration proceedings;

(i) Any non-party witness in this litigation, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing for purposes of the Proceedings;

(j) Mediators, arbitrators, or similar outside parties and their staffs enlisted by the parties in the Proceedings to assist with resolution;

(k) Outside commercial copying services;

(l) Privately retained court reporters, videographers or transcribers;

(m) Any person(s) to whom the subject confidential information has previously been disclosed through means unrelated to the Proceedings;

(n) other persons only upon Order of the Court or arbitrator for good cause shown or upon written stipulation of the party or non-party who provided the information or document(s).

8. Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraphs 7(a), (c), (d)(but not to former partners, directors, shareholders, members, officers, employees or agents who did not author, send or receive the subject confidential information), (e), (f), (g), (h), (i), (j), (k), (l), (m) and (n).

9. Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order listed in paragraphs 7 or 8 shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant

to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a court order.  Any such person to be given access to Material [other than those persons listed in paragraphs 7(h), (j), (k), (l) and (m)] must first read the Protective Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order.  The original Undertaking shall be retained by counsel giving access to the Material. If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally.  Pending resolution of such objections, no disclosures of Material may be made.

10. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraphs 7 or 8, the following procedures shall apply. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the prior written consent or oral consent during a deposition on the record of the party or non-party who provided the information or documents, or (b) order of the Court or arbitrator upon motion and notice. After receiving such consent or order, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking of the deponent in the form attached as Exhibit A.  Neither prior consent nor an Undertaking is required if the witness is a present or former partner, shareholder, director, member, officer, employee or consultant of the party or non-party whose information is involved, and if he or she authored, sent or received the "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during the course of his or her employment or consultancy. In any event, should any party desire to examine the nonparty witness concerning "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and be precluded from doing so due to the requirements of this paragraph, then the examining party shall be allowed to later reconvene and complete the nonparty witness's examination after meeting the requirements of this paragraph.

11. Should any Confidential or Highly Confidential Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Protective Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately advise the Producing Party of the identity of Confidential or Highly Confidential Discovery Material so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents and things containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the Producing Party.

12. All documents of any nature, including briefs, which contain information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or which contain Confidential or Highly Confidential Discovery Material, which are filed with the Court or arbitrator shall be filed under seal pursuant to L.R. 79-5.

13. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material produced by another party or non-party contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the production of documents considered not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek determination by the Court or arbitrator whether any Discovery Material should or should not be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court or arbitrator for a further protective order relating to any purportedly confidential information; and/or

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in the Proceedings to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

14. Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independent of the Proceedings, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the Producing Party; or

(b) is or becomes publicly known by lawful means and through no fault or act of the Receiving Party; or

(c) is lawfully received by the Receiving Party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

15. In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective Order entered by the Court.

16. It is the present intention of the parties that the provisions of this Protective Order shall govern all discovery and other pretrial, hearing and/or trial proceedings in the Proceedings. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court or arbitrator on notice to all parties to the Proceedings. No change in this Protective Order that adversely affects the protection of any information, document, or thing produced or given by a non-party to the Proceedings shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court or arbitrator.

17. The provisions of this Protective Order and the jurisdiction of the Court and arbitrator to enforce its terms shall survive the conclusion of the Proceedings. Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of the Proceedings, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall, upon written request of the Producing Party or its counsel, return to the Producing Party (or its counsel) such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies. Counsel shall make reasonable efforts to ensure that any retained Consultants abide by this provision. Counsel shall provide a certification to the Producing Party (or its counsel) that all Confidential or Highly Confidential Discovery Material has been returned or destroyed pursuant to this paragraph. Outside counsel of record in the Proceedings shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential or Highly Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential or Highly Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. All material returned to the parties or their counsel by the Court or arbitrator likewise shall be handled in accordance with this paragraph.

18. During the pendency of the Proceedings, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any objection, move for an Order from the arbitrator vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly

1  Confidential Discovery Material, pursuant to this Protective Order.  The provisions
2  of this Protective Order are not intended to shift the burden of establishing
3  confidentiality, which shall at all times remain with the Producing Party.
4       19.   In the event that any Confidential or Highly Confidential Discovery
5  Material is used in any trial, hearing or other court or arbitration proceeding in the
6  Proceedings or any appeal therefrom, said Confidential or Highly Confidential
7  Discovery Material shall not lose its status as Confidential or Highly Confidential
8  Discovery Material through such use.  Counsel shall confer with the Court or
9  arbitrator as appropriate on such procedures as are necessary to protect the
10  confidentiality of any documents, information and transcripts used in the course of
11  any such proceedings.
12       20.   If any Receiving Party (a) is subpoenaed in another action, or (b) is
13  served with a demand in another action to which it is a party, or (c) is served with
14  any legal process by one not a party to the Proceedings, seeking Discovery Material
15  which was produced or designated as "CONFIDENTIAL" or "HIGHLY
16  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by someone other than the
17  Receiving Party, the Receiving Party shall give actual written notice, by hand, email
18  or facsimile transmission, within five (5) business days of receipt of the subpoena,
19  demand, or legal process to those who produced or designated the material
20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES
21  ONLY" to allow the party or non-party to object to the production to the extent
22  permitted by law.  Should the person seeking access to the Confidential or Highly
23  Confidential Discovery Material take action against the Receiving Party or anyone
24  else covered by this Protective Order to enforce such a subpoena, demand or other
25  legal process, the Receiving Party shall respond by setting forth the existence of this
26  Protective Order.  The party or non-party shall bear the burden and expense of
27  seeking protection of its confidential material, and nothing in these provisions
28

1  should be construed as authorizing or encouraging a party in this action to disobey a
2  lawful and binding directive from another court or arbitrator.
3      21.   The production of privileged or work-product protected documents or
4  information, whether inadvertent or otherwise, is not a waiver of the privilege or
5  protection from discovery in the Proceedings or in any other federal or state
6  proceeding. This Order shall be interpreted to provide the maximum protection
7  allowed by Federal Rule of Evidence 502(d).
8      22.   It is the intent of the parties that this Protective Order be issued by the
9  Court in order that any violations thereof may be punished by contempt proceedings
10 initiated in the Court, but that the arbitrator shall have complete and unfettered
11 jurisdiction to make all determinations necessary or appropriate to determine the
12 protectability of all information and documents that are subject to the protection of
13 this Protective Order, and that all proceedings concerning the application of this
14 Protective Order, other than contempt proceedings for the violation thereof, shall be
15 conducted by and through the arbitrator in the pending arbitration proceeding.

Stipulated to by the following:

　　　　　　　　　　　　　　　　 */s/ Martin E. Burke*
　　　　　　　　　　　　　　　　Gary M. London (ASB-0105-N37G)
　　　　　　　　　　　　　　　　S. Greg Burge (ASB-0558-B37S)
　　　　　　　　　　　　　　　　Martin E. Burke (ASB-1039-K72M)
　　　　　　　　　　　　　　　　Attorneys for AMERICAN CASTINGS LLC

OF COUNSEL:

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
glondon@burr.com
gburge@burr.com
mburke@burr.com

-13-

| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER |
| 2 | & HAMPTON LLP |
|   | 333 South Hope Street, 43rd Floor |
| 3 | Los Angeles, California 90071-1422 |
| 4 | pmalingagio@sheppardmullin.com |
|   | jsuwatanapongched@sheppardmullin.com |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 |       */s/ Jennifer S. Coleman* |
|    | John V. Picone III (Ca. SBN 187226) |
| 12 | Jennifer S. Coleman (Ca. SBN 213210) |
|    | Christopher A. Hohn (Ca. SBN 271759) |
| 13 | Attorneys for |
| 14 | TOWER INDUSTRIES, INC., D/B/A |
|    | ALLIED MECHANICAL WISCONSIN |
| 15 | |
| 16 | HOPKINS & CARLEY |
| 17 | A Law Corporation |
|    | The Letitia Building |
| 18 | 70 South First Street |
| 19 | San Jose, California  95113-2406 |
|    | jpicone@hopkinscarley.com |
| 20 | jcoleman@hopkinscarley.com |
| 21 | chohn@hopkinscarley.com |
| 22 | |
| 23 | ENTERED this date  June 3, 2015 |
| 24 | |
| 25 | |
| 26 | _____ |
| 27 | JAY C. GANDHI |
|    | UNITED STATES DISTRICT COURT JUDGE |
| 28 | |

-14-

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASTINGS LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL WISCONSIN, a California corporation,<br><br>Defendant. | Case No. 8:13-CV-00839-JLS-JCG<br><br>**UNDERTAKING RE: STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order Governing Confidential Information in the above-captioned action; that he or she understands the terms thereof, that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the Central District of California in all matters concerning the Protective Order and this Undertaking.

Signature _____

Print Name and address: _____

Employer or Business Affiliation: _____

Date: _____

SMRH:437387335.1