SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
pmalingagio@sheppardmullin.com
J. JUDY SUWATANAPONGCHED, Cal. Bar No. 266313
jsuwatanapongched@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

BURR FORMAN  LLP
MARTIN E. BURKE (admitted *pro hac vice*)
mburke@burr.com
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  205-251-3000
Facsimile:   205-458-5100

Attorneys for Plaintiff
AMERICAN CASTINGS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASTINGS LLC, an Oklahoma limited liability company, | Case No. 8:13-CV-00839-JLS-JCG |
| Plaintiff, | **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION;  ORDER THEREON** |
| v. | |
| TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL WISCONSIN, a California corporation, | |
| Defendant. | |

WHEREAS, all parties to this action previously entered into a Stipulated Protective Order Governing Confidential Information, which was initially modified and entered by this Court as an Order on November 15, 2013, and then subsequently modified and entered as an Order dated June 3, 2015 ("Protective Order").

WHEREAS, all parties desire to further supplement the existing Protective Order to provide additional protection to Confidential Discovery Material and Highly Confidential Discovery Material disclosed by the U.S. Government, to include technical data relating to the BDU-50, that is subject to the International Traffic in Arms Regulation ("ITAR"), 22 C.F.R. §§ 120 *et seq*. Violations of the export control laws are subject to severe penalties.

NOW, THEREFORE, the parties stipulate to enter into this Supplemental Protective Order Governing Disclosure and Use of Confidential Information ("Supplemental Order") to the existing Protective Order, and request that the Court enter the Supplemental Order as an order of this Court, as set forth below:

1.      All terms of the existing Protective Order[1] are incorporated into this Supplemental Order by reference. A copy of the existing Protective Order is attached hereto as Exhibit 1.

2.      <u>Definitions.</u>

(a)    <u>"Export Controlled" Documents</u>:  Certain documents that are subject to the ITAR (22 C.F.R. Parts 120-130) may be produced during the course of the litigation regardless of whether those documents are designated "Confidential". The ITAR defines "Technical Data" to include (1) Information, other than certain software, which is required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of defense articles, including information in the form of blueprints,

---

[1] All terms capitalized herein but not defined shall have the meaning ascribed to them in the Protective Order.

-1-

drawings, photographs, plans, instructions and documentation; (2) Classified information relating to defense articles and defense services; (3) Information covered by an invention secrecy order; and (4) Software (defined to include the system functional design, logic flow, algorithms, application programs, operating systems and support software for design, implementation, test, operation, diagnosis and repair) directly related to defense articles.  "Technical Data" does not include information concerning general scientific, mathematical or engineering principles commonly taught in schools, colleges and universities or information in the public domain (as defined in the ITAR).  It also does not include basic marketing information on function or purpose of general system descriptions of defense articles.  Defense articles include Technical Data and all items on the United States Munitions List (USML) per part 121 of the ITAR.

(b) <u>Foreign Person</u>:  A foreign person is defined by 22 C.F.R. § 120.16 as "any natural person who is not a lawful permanent resident as defined by 8 U.S.C. 1101(a)(20) or who is not a protected individual as defined by 8 U.S.C. 1324b(a)(3).  It also means any foreign corporation, business association, partnership, trust, society or any other entity or group that is not incorporated or organized to do business in the United States, as well as international organizations, foreign governments and any agency or subdivision of foreign governments (e.g., diplomatic missions)."

(c) <u>U.S. Person</u>:  A U.S. person, as defined by 22 C.F.R. § 120.15, "is a lawful permanent resident as defined by 8 U.S.C. 1101(a)(20)[2] or who is a

---

[2]     The term "lawfully admitted for permanent residence" means "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  8 U.S.C. § 1101(a)(20).

SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

protected individual as defined by 8 U.S.C. 1324b(a)(3)[3].  It also means any corporation, business association, partnership, society, trust, or any other entity, organization or group that is incorporated to do business in the United States.  It also includes any governmental (federal, state or local) entity."

> 3.    Authority of the United States Government to Release Information.

> (a)  The U.S. Government and its employees are authorized to release to the parties and their counsel the following information in response to subpoenas or other requests for information in this litigation pursuant to the terms set forth in this Supplemental Order without obtaining the prior written consent from the individuals or entities to whom such information pertains:

> > i.    Privacy Act information, 5 U.S.C. §552a;

> > ii.    Trade Secrets Act information, 18 U.S.C. § 1905; and

> > iii.    Procurement Integrity Act information; 41 U.S.C. §§ 2101-2107.

> (b)  Such information shall be designated as Confidential Discovery Material subject to this and the existing Protective Order and treated by the parties as such pursuant to the terms described therein.  Unless otherwise agreed to by U.S. Government or ordered by the Court, such information may be used only for the purposes of this litigation (including arbitration, mediation and any subsequent appeals).  The limits of this authorization are as follows:

---

[3]    The term "protected individual" means an individual who (a) is a citizen or national of the United States, or (b) is an alien who is lawfully admitted for permanent residence, is granted the status of an alien lawfully admitted for temporary residence, is admitted as a refugee, or is granted asylum; but does not include (i) an alien who fails to apply for naturalization within six months of the date the alien first becomes eligible to apply for naturalization or, if later, within six months after November 6, 1986, and (ii) an alien who has applied on a timely basis, but has not been naturalized as a citizen within 2 years after the date of the application, unless the alien can establish that the alien is actively pursuing naturalization.  8 U.S.C. 1324b(a)(3).

-3-

1             i.      This authorization does not constitute a ruling on the

2 question of whether any particular document or category of information is properly

3 discoverable or otherwise subject to production in this case and does not constitute a

4 ruling on any potential basis for withholding or objection, including that of any

5 right, privilege, or immunity, to the discoverability, relevance, or admissibility of

6 any record.

7             ii.      This authorization does not in any way limit the

8 information that the U.S. Government may designate as information subject to the

9 terms of this Supplemental Order.

10      4.     <u>Non-Waiver of Privilege.</u>

11      (a)   This order confers the protections afforded by Rule 502(d) of the

12 Federal Rules of Evidence.

13      (b)   The production of material associated with this matter may require

14 the United States to review and to disclose large quantities of information and

15 documents, including electronically stored information. As a result, record-by-

16 record preproduction privilege review would likely impose an undue burden on the

17 resources of the United States.

18      (c)   In satisfying production requirements, the United States shall

19 examine the files containing documents to be produced and shall screen documents

20 for privilege. Such examination shall be performed with due regard for the

21 likelihood that the files contain privileged documents, but may rely on sampling or

22 electronic key word searching. Implementation of these procedures are reasonable

23 steps under the circumstances to prevent disclosure under Federal Rule of Evidence

24 502(b).

25      (d)   Production of any privileged document in a production consistent

26 with the terms of this agreement is inadvertent and shall not result in the waiver of

27

28                                   -4-

any privilege or protection associated with the document and shall not result in a subject matter waiver of any kind.

(e) If the United States determines that it has produced a document upon which it wishes to make a claim of privilege, then the United States shall, within 14 days of the date of such determination, give the receiving parties' counsel notice of the claim of privilege. The notice shall identify the document(s) that is (are) privileged and the date the document(s) was (were) produced. If the United States claims that only a portion of the document is privileged, the United States shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged content redacted.

(f) All receiving parties are under a good-faith obligation to notify the United States upon identification of a document which appears on its face or in light of facts to any party to be potentially privileged. Such notification shall not waive the notifying parties' ability to subsequently challenge any assertion of privilege with respect to the identified document.

(g) Upon receiving notice of a claim of privilege on a produced document, a receiving party must promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. If the receiving party disclosed or made use of the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved. The Parties will follow Fed. R. Civ. P. 26(b)(5)(B) for resolving any claims of privilege for documents produced in this matter regardless of whether the United States asserts its claim of privilege during or after this conclusion of this matter. Failure to challenge or resolve any claim of privilege during this matter shall not waive either party's rights in any subsequent or related proceedings.

(h)  Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents in production of material associated with this matter consistent with the terms of this agreement shall not waive the claim of privilege or protection in any other federal or state proceeding.

5.  <u>Additional Designation.</u>  In addition to the designations of Confidential and Highly Confidential-Attorneys Eyes' Only set forth in the existing Protective Order, this Supplemental Order creates an additional protection for Export Controlled Material with a third designation category which shall be referred to as "Export Controlled," as defined in Section 2(a) above.  If any party or non-party is disclosing any material that it knows, or in good faith and with a reasonable basis believes is Export Controlled material, it shall immediately identify such material to the Receiving Party by designating it as "Export Controlled."

6.  Documents or information designated as "Export Controlled" shall be protected in the same manner as "Highly Confidential-Attorneys' Eyes Only" information, and shall be afforded the same protections as "Highly Confidential-Attorneys' Eyes' Only" material, as set forth in the existing Protective Order;

7.  In addition to the protections for Highly Confidential-Attorneys' Eyes Only information as set forth in the existing Protective Order, Export Controlled material shall be afforded the following additional protections:

(a)  In accordance with the requirements contained in ITAR (22 C.F.R. § 120.1, *et seq.*), NO Export Controlled material that is disclosed in the course of this litigation, whether or not technical data is marked, shall be disclosed orally or in writing to ANY "foreign person," as defined in Section 2(b) above, whether that "foreign person" is in the United States or abroad.  It is the sole responsibility of each person in possession of information controlled by ITAR to ensure that such information is not disclosed to any "foreign person" unless and until such time as the person possessing ITAR-controlled material obtains

-6-

authorization from the United States Department of State, Directorate of Defense Trade Controls.

(b)　Without written permission from the Designating Party or a court order, a Party may not file in the public record in this action any unredacted Export Controlled designated material.  A Party that seeks to file under seal any unredacted Export Controlled designated material must comply with Central District of California Local Rule 79-5 *et seq.*

(c)　Even after the termination of this litigation, the confidentiality obligations imposed by this Supplemental Order shall remain in effect until a Designating Party agrees otherwise in writing or a court otherwise directs.  A "Designating Party" is defined as "a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as 'Confidential,'  'Highly Confidential – Attorneys' Eyes Only,' or 'Export Controlled.'"

(d)　Unless otherwise ordered or agreed to in writing by the U.S. Government, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the U.S. Government, including Protected Material disseminated to Experts.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Discovery Material and Highly Confidential Discovery Material, however designated.  With permission in writing from the U.S. Government, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the U.S. Government (and, if not the same person or entity, to the Designating Party) within sixty days after the conclusion of this litigation that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that

-7-

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Supplemental Order to the existing Protective Order as set forth above. Archival copies are limited to documents which have been created for the purposes of this litigation. Counsel are not permitted to retain a duplication of Protected Material as received from the U.S. Government as an archival copy, unless Counsel's insurance relating to document retention requires such a copy to be maintained and the following restrictions apply: (a) the U.S. Government is provided notice of any Protected Material being retained in accordance with insurance requirements; and (b) all Protected Material must be returned or destroyed in accordance with the instructions in this Paragraph 7(d) once the retention period required by the insurance has lapsed.

8.      Violation of the terms of the existing Protective Order and the terms of this Supplemental Order with respect to Export Controlled material shall be deemed a violation of an order of this Court and shall be punishable by contempt in addition to the penalties for violation of the ITAR, 22 C.F.R. § 120 *et seq.*

9.      Any party or non-party may apply to this Court to modify the protections afforded to any material produced by the U.S. Government, however designated, that might be filed under seal with this Court pursuant to Central District of California Local Rule 79-5 *et seq*.

10.     Individuals obtaining access to Confidential Discovery Material and Highly Confidential Discovery Material are required to be shown a copy of this order and a copy of the existing Protective Order prior to signing the Non-

-8-

Disclosure Agreement (Exhibit 2).  Further, individuals obtaining access to Export

Controlled material are required to sign the Compliance Agreement (Exhibit 3),

prior to receipt of Export Controlled material.  Both documents must be received by

the U.S. Government prior to receiving access to such Confidential Information.

Stipulated to by the following:

               */s/ Martin E. Burke*
               Martin E. Burke (ASB-1039-K72M)
               Attorneys for AMERICAN CASTINGS LLC

OF COUNSEL:

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mburke@burr.com

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
pmalingagio@sheppardmullin.com
jsuwatanapongched@sheppardmullin.com

               */s/ Jennifer S. Coleman*
               John V. Picone III (Ca. SBN 187226)
               Jennifer S. Coleman (Ca. SBN 213210)
               Christopher A. Hohn (Ca. SBN 271759)
               Attorneys for
               TOWER INDUSTRIES, INC., D/B/A
               ALLIED MECHANICAL WISCONSIN

-9-

HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, California  95113-2406
jpicone@hopkinscarley.com
jcoleman@hopkinscarley.com
chohn@hopkinscarley.com


ENTERED this date March 23, 2016


_____

JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

-10-

SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

# EXHIBIT "1"

# EXHIBIT 1

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
2  PAUL S. MALINGAGIO, Cal. Bar No. 90451
   pmalingagio@sheppardmullin.com
3  J. JUDY SUWATANAPONGCHED, Cal. Bar No. 266313
   jsuwatanapongched@sheppardmullin.com
4  333 South Hope Street, 43rd Floor
   Los Angeles, California  90071-1422
5  Telephone:  213.620.1780
   Facsimile:   213.620.1398
6
7  BURR & FORMAN LLP
   MARTIN E. BURKE (admitted *pro hac vice*)
   mburke@burr.com
8  S. GREG BURGE (appearing *pro hac vice*)
   gburge@burr.com
9  GARY M. LONDON (appearing *pro hac vice*)
   glondon@burr.com
10 420 North 20th Street, Suite 3400
   Birmingham, Alabama  35203
11 Telephone:  205.251-3000
   Facsimile:   205.458-5100
12
13 Attorneys for Plaintiff
   AMERICAN CASTINGS LLC
14
15          UNITED STATES DISTRICT COURT
16          CENTRAL DISTRICT OF CALIFORNIA
17
18 AMERICAN CASTINGS LLC, an            Case No. 8:13-CV-00839-JLS-JCG
   Oklahoma limited liability company,
19                                       **STIPULATED PROTECTIVE**
                Plaintiff,               **ORDER GOVERNING**
20                                       **CONFIDENTIAL INFORMATION**
        v.                               **AND ORDER THEREON**
21
   TOWER INDUSTRIES, INC., d/b/a
22 ALLIED MECHANICAL
   WISCONSIN, a California corporation,
23
                Defendant.
24
25
26
27
28

WHEREAS, all parties to this action believe that in the course of this action or related arbitration (collectively the "Proceedings") certain information is likely to be disclosed and produced that constitutes trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, all parties desire to limit the extent of disclosure and use of such confidential material; and

WHEREAS, all of the parties believe that entry of a Protective Order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure would serve these interests; and

WHEREAS, the Court finds that good cause exists for the entry of this Protective Order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information against unauthorized disclosure and use;

IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall govern all productions and/or disclosures of information by any party or non-party for purposes of the Proceedings, whether evidenced in initial disclosures, documents or other information, transcripts, exhibits, interrogatory answers, responses to requests for admission, inspections, subpoena responses, testimony or otherwise (any and all of which is hereinafter referred to as "Discovery Material"); this Protective Order shall also govern the handling of all such information produced or disclosed to any party or non-party (the "Receiving Party") for purposes of the Proceedings.

1.      As used in this Protective Order, the term "document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, including without limitation all written, recorded, transcribed, stored or graphic matter or

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

information of every type and description, however and by whomever prepared,
produced, reproduced, disseminated, made, or stored, and whether on hard copy,
tapes, disks, cloud storage, or other media and including all non-duplicate copies
and transcripts thereof.

2.      This Protective Order shall apply to all information and documents,
things, discovery responses and testimony designated in good faith, and with a
reasonable basis, as constituting or containing confidential material by parties and
non-parties to the Proceedings.  Any confidential material produced by a party or
non-party in the Proceedings may be designated by any party or non-party as (1)
"CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES
ONLY" under the terms of this Protective Order.

3.      Any party or non-party may designate any Discovery Material as
"CONFIDENTIAL" (hereinafter "Confidential Discovery Material") under the
terms of this Protective Order if such party in good faith, and with a reasonable
basis, believes that such Discovery Material contains nonpublic confidential,
proprietary, commercially sensitive, or trade secret information.

4.      Any party or non-party may designate any Discovery Material as
"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "Highly
Confidential Discovery Material") under the terms of this Protective Order if such
party in good faith, and with a reasonable basis, believes that such Discovery
Material contains highly sensitive technical information relating to research for
and/or production of past or current products; technical, business or research
information regarding future products; highly sensitive financial information or
marketing plans or forecasts; highly sensitive customer lists, pricing data, cost data,
customer orders, customer quotations, or any non-public pending or abandoned
patent applications, either foreign or domestic, and/or quotations or bids for future
contracts. In addition, a party or non-party shall have the further right to designate

and mark documents as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that reflect or evidence other proprietary information that the party or non-party reasonably believes is of such nature and character that disclosure of such information to a party of record would be harmful to the party or non-party or would be of use to a competitor(s) of the party or non-party.

5.    CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of the Proceedings, shall not be disclosed to any third party except as allowed by this Protective Order or further order of the arbitrator, and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

6.    The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the party or non-party:

(a)    In the case of disclosures, documents, exhibits, briefs, memoranda, interrogatory answers, responses to requests for admission, or other documentary materials and tangible things by either (i) affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material or affixing the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each thing and each page containing Highly Confidential Discovery Material; or (ii) in the case of electronic productions or disclosures, by prominently designating in transmittal correspondence and on labels placed on all production media the styles of the Proceedings and designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(b)    In the case of depositions or other testimony, (i) by a statement on the record by counsel during such deposition or other testimony or portion

thereof that such testimony shall be treated as Confidential or Highly Confidential Discovery Material, or (ii) by written notice to all parties within ten (10) business days after the written transcript is made available to the designating party's counsel. Where testimony is so designated, all parties shall affix to all originals and copies of transcripts in their respective possession, custody or control the appropriate confidentiality legends.  The parties shall treat all depositions and other testimony as Highly Confidential Discovery Material until ten (10) business days after receiving a copy of the transcript thereof.  After ten (10) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential Discovery Material.

(c)     In the case of information made available during an inspection of premises or things, all such information shall initially be deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Counsel for the Receiving Party shall within twenty (20) business days of the inspection provide counsel for the party or non-party with copies of all drawings, videotapes, photographs, or other documents containing information received during the inspection, except such documents that constitute or contain material protected as attorney work product. Counsel for the party or non-party shall within ten (10) business days of receipt designate all or portions of such drawings, videotapes, photographs, or other documents with the appropriate confidentiality designation and markings as specified above.  Counsel for the Receiving Party shall thereafter arrange to affix the designated confidentiality markings to all notes, drawings, photographs, videotapes or other documents and copies or portions thereof containing the designated confidential information.

(d)     The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of a party or non-party of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, not designated as such pursuant to paragraph 5, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as soon as reasonably possible after the party or non-party becomes aware of the inadvertent or unintentional disclosure. The Receiving Party shall thereafter mark and treat the materials in accordance with the assigned confidentiality designation, and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

7.     Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a)     outside counsel of record for the parties in the Proceedings, members of their firms, associate attorneys, counsel retained by counsel of record to assist, paralegal, clerical and other regular or temporary employees of counsel necessary to assist in the conduct of the Proceedings;

(b)     the Receiving Party, and any current or former partner, shareholder, director, member, officer, employee or agent of the Receiving Party, but only as necessary to provide assistance in the conduct and evaluation of the Proceedings;

(c)     outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") and their respective staff retained by a party in

-4-

the Proceedings, but only as necessary for such Consultant to perform his or her assigned tasks in connection with the Proceedings.  Any Consultant who has ever participated in the ductile iron bomb or steel bomb industries ("Industry Consultant") shall be identified by delivering to the Producing Party the name, address and a curriculum vitae of the Industry Consultant in writing at least seven (7) business days prior to any disclosure of Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." During such seven (7) day period, opposing counsel may object to the disclosure of the designated material to the identified Industry Consultant, and such objection shall bar the disclosure of the designated material to that person until the parties agree otherwise or until the Court or arbitrator rules otherwise;

(d)     the party or non-party who provides the information or document(s), and any current or former partner, shareholder, director, member, officer, employee or agent, but with respect to any former partner, director, officer, employee or agent only as necessary to provide assistance in the conduct and evaluation of the Proceedings;

(e)     third parties who authored, created or provided source information for the authoring or creation of the material;

(f)     any person indicated on the document as being the creator, author, sender or  recipient of the material;

(g)     vendors and their personnel retained by outside counsel for purposes of facilitating the identification, preservation, collection, processing, review, analyses, inspections, or production of electronically stored information for purposes of the Proceedings;

(h)     the Court, court personnel and court reporters; arbitrator and arbitration organization's personnel; and outside photocopying, imaging, database, graphics, or design services retained by outside counsel for purposes of

preparing demonstrative or other exhibits for deposition, trial, or other court or arbitration proceedings;

        (i)     Any non-party witness in this litigation, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing for purposes of the Proceedings;

        (j)     Mediators, arbitrators, or similar outside parties and their staffs enlisted by the parties in the Proceedings to assist with resolution;

        (k)     Outside commercial copying services;

        (l)     Privately retained court reporters, videographers or transcribers;

        (m)     Any person(s) to whom the subject confidential information has previously been disclosed through means unrelated to the Proceedings;

        (n)     other persons only upon Order of the Court or arbitrator for good cause shown or upon written stipulation of the party or non-party who provided the information or document(s).

        8.     Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraphs 7(a), (c), (d)(but not to former partners, directors, shareholders, members, officers, employees or agents who did not author, send or receive the subject confidential information), (e), (f), (g), (h), (i), (j), (k), (l), (m) and (n).

        9.     Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order listed in paragraphs 7 or 8 shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant

to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a court order.  Any such person to be given access to Material [other than those persons listed in paragraphs 7(h), (j), (k), (l) and (m)] must first read the Protective Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order.  The original Undertaking shall be retained by counsel giving access to the Material. If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally.  Pending resolution of such objections, no disclosures of Material may be made.

10.  If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraphs 7 or 8, the following procedures shall apply. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the prior written consent or oral consent during a deposition on the record of the party or non-party who provided the information or documents, or (b) order of the Court or arbitrator upon motion and notice. After receiving such consent or order, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking of the deponent in the form attached as Exhibit A.  Neither prior consent nor an Undertaking is required if the witness is a present or former partner, shareholder, director, member, officer, employee or consultant of the party or non-party whose information is involved, and if he or she authored, sent or received the "CONFIDENTIAL" or

-7-

"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during the course of his or her employment or consultancy. In any event, should any party desire to examine the nonparty witness concerning "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and be precluded from doing so due to the requirements of this paragraph, then the examining party shall be allowed to later reconvene and complete the nonparty witness's examination after meeting the requirements of this paragraph.

11.    Should any Confidential or Highly Confidential Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Protective Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately advise the Producing Party of the identity of Confidential or Highly Confidential Discovery Material so disclosed and the identity of the person(s) to whom it was disclosed; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents and things containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the Producing Party.

12.    All documents of any nature, including briefs, which contain information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or which contain Confidential or Highly Confidential Discovery Material, which are filed with the Court or arbitrator shall be filed under seal pursuant to L.R. 79-5.

13. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material produced by another party or non-party contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the production of documents considered not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek determination by the Court or arbitrator whether any Discovery Material should or should not be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court or arbitrator for a further protective order relating to any purportedly confidential information; and/or

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in the Proceedings to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

14. Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independent of the Proceedings, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the Producing Party; or

(b) is or becomes publicly known by lawful means and through no fault or act of the Receiving Party; or

(c) is lawfully received by the Receiving Party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

15. In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective Order entered by the Court.

16. It is the present intention of the parties that the provisions of this Protective Order shall govern all discovery and other pretrial, hearing and/or trial proceedings in the Proceedings. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court or arbitrator on notice to all parties to the Proceedings. No change in this Protective Order that adversely affects the protection of any information, document, or thing produced or given by a non-party to the Proceedings shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court or arbitrator.

17.     The provisions of this Protective Order and the jurisdiction of the Court and arbitrator to enforce its terms shall survive the conclusion of the Proceedings. Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of the Proceedings, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall, upon written request of the Producing Party or its counsel, return to the Producing Party (or its counsel) such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies. Counsel shall make reasonable efforts to ensure that any retained Consultants abide by this provision. Counsel shall provide a certification to the Producing Party (or its counsel) that all Confidential or Highly Confidential Discovery Material has been returned or destroyed pursuant to this paragraph. Outside counsel of record in the Proceedings shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential or Highly Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential or Highly Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.  All material returned to the parties or their counsel by the Court or arbitrator likewise shall be handled in accordance with this paragraph.

18.     During the pendency of the Proceedings, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any objection, move for an Order from the arbitrator vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly

SMRH:437387335.1
STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

Confidential Discovery Material, pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality, which shall at all times remain with the Producing Party.

19. In the event that any Confidential or Highly Confidential Discovery Material is used in any trial, hearing or other court or arbitration proceeding in the Proceedings or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Counsel shall confer with the Court or arbitrator as appropriate on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such proceedings.

20. If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to the Proceedings, seeking Discovery Material which was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand, email or facsimile transmission, within five (5) business days of receipt of the subpoena, demand, or legal process to those who produced or designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to allow the party or non-party to object to the production to the extent permitted by law. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order. The party or non-party shall bear the burden and expense of seeking protection of its confidential material, and nothing in these provisions

should be construed as authorizing or encouraging a party in this action to disobey a lawful and binding directive from another court or arbitrator.

21.     The production of privileged or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in the Proceedings or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

22.     It is the intent of the parties that this Protective Order be issued by the Court in order that any violations thereof may be punished by contempt proceedings initiated in the Court, but that the arbitrator shall have complete and unfettered jurisdiction to make all determinations necessary or appropriate to determine the protectability of all information and documents that are subject to the protection of this Protective Order, and that all proceedings concerning the application of this Protective Order, other than contempt proceedings for the violation thereof, shall be conducted by and through the arbitrator in the pending arbitration proceeding.

Stipulated to by the following:

_____/s/ Martin E. Burke_____
Gary M. London (ASB-0105-N37G)
S. Greg Burge (ASB-0558-B37S)
Martin E. Burke (ASB-1039-K72M)
Attorneys for AMERICAN CASTINGS LLC

OF COUNSEL:

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
glondon@burr.com
gburge@burr.com
mburke@burr.com

-13-

1    SHEPPARD, MULLIN, RICHTER
2    & HAMPTON LLP
     333 South Hope Street, 43rd Floor
3    Los Angeles, California 90071-1422
     pmalingagio@sheppardmullin.com
4    jsuwatanapongched@sheppardmullin.com

5

6

7

8

9

10                                        */s/ Jennifer S. Coleman*
11                           John V. Picone III (Ca. SBN 187226)
                             Jennifer S. Coleman (Ca. SBN 213210)
12                           Christopher A. Hohn (Ca. SBN 271759)
                             Attorneys for
13                           TOWER INDUSTRIES, INC., D/B/A
                             ALLIED MECHANICAL WISCONSIN
14

15

16   HOPKINS & CARLEY
17   A Law Corporation
     The Letitia Building
18   70 South First Street
     San Jose, California  95113-2406
19   jpicone@hopkinscarley.com
20   jcoleman@hopkinscarley.com
     chohn@hopkinscarley.com
21

22

23   ENTERED this date  June 3, 2015

24

25

26

27   _____
     JAY C. GANDHI
28   UNITED STATES DISTRICT COURT JUDGE

                              -14-

## **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASTINGS LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL WISCONSIN, a California corporation,<br><br>Defendant. | Case No. 8:13-CV-00839-JLS-JCG<br><br>**UNDERTAKING RE: STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order Governing Confidential Information in the above-captioned action; that he or she understands the terms thereof, that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the Central District of California in all matters concerning the Protective Order and this Undertaking.

Signature _____

Print Name and address: _____

Employer or Business Affiliation: _____

Date: _____

SMRH:437387335.1

# EXHIBIT "2"

1   **EXHIBIT 2**

2   UNITED STATES DISTRICT COURT

3   CENTRAL DISTRICT OF CALIFORNIA

4   AMERICAN CASTINGS LLC, an            Case No. 8:13-CV-00839-JLS-JCG
    Oklahoma limited liability company,
5                                        **NON-DISCLOSURE AGREEMENT**
                Plaintiff,
6

7           v.

8   TOWER INDUSTRIES, INC., d/b/a
    ALLIED MECHANICAL
9   WISCONSIN, a California corporation,

10              Defendant.

11

12                  **NON-DISCLOSURE AGREEMENT**

13          I, _____, hereby certify my

14  understanding that Confidential Discovery Materials are being provided to me

15  pursuant to the terms and restrictions of an Order entered by the United States

16  District Court for the Central District of California, in connection with the above-

17  captioned matter.

18          I further certify that I have been provided a copy of and have read the

19  Order.  I understand that the Order prohibits me from either using or disclosing

20  Confidential Discovery Materials for any purpose other than as set forth in and

21  pursuant to the Order entered by the Court (unless such materials lose their

22  confidentiality status pursuant to agreement of the parties or non-parties, operation

23  of the order or by order of the Court).  I hereby agree to subject myself to the

24  jurisdiction of the Court for purposes of enforcement of the terms and restrictions of

25  the Order.  I understand that violation of the Order is punishable as contempt of

26  court.

27

28      Date:_____      Signature:_____

NON-DISCLOSURE AGREEMENT

# EXHIBIT "3"

**EXHIBIT 3**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASTINGS LLC, an Oklahoma limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWER INDUSTRIES, INC., d/b/a ALLIED MECHANICAL WISCONSIN, a California corporation,<br><br>    Defendant. | Case No. 8:13-CV-00839-JLS-JCG<br><br>**COMPLIANCE AGREEMENT** |

**COMPLIANCE AGREEMENT**

I, _____, do hereby certify that:

1.    I am a "U.S. Person" as defined by International Traffic in Arms Regulations ("ITAR")* at 22 C.F.R. § 120.15;

2.    I am being provided documents to review as part of the disclosure of information in the above-referenced case;

3.    I understand that some of these documents fall within the scope of the ITAR and have been labeled "Export Controlled;"

4.    I understand that the dissemination of controlled unclassified technology and/or defense articles including technical discussions, is controlled under the ITAR; and

5.    I understand that documents designated "Export Controlled" may only be disclosed to a "U.S. Person" as defined by ITAR at 22 C.F.R. § 120.15. I will not unlawfully disclose, transfer or allow for the disclosure to any other person or organization any controlled unclassified technology, and/or defense articles, that may be disclosed or transferred to me as part of my review of documents in the above-referenced case.

Date:_____    Signature:_____

| | |
|---|---|
| 1 | *The International Traffic in Arms Regulations ("ITAR") (20 C.F.R. Parts |
| 2 | 120-130) define "Technical Data" to include (1) Information, other than certain |
| 3 | software, which is required for the design, development, production, manufacture, |
| 4 | assembly, operation, repair, testing, maintenance or modification of defense articles, |
| 5 | including information in the form of blueprints, drawings, photographs, plans, |
| 6 | instructions and documentation; (2) Classified information relating to defense |
| 7 | articles and defense services; (3) Information covered by an invention secrecy order; |
| 8 | and (4) Software (defined to include the system functional design, logic flow, |
| 9 | algorithms, application programs, operating systems and support software for |
| 10 | design, implementation, test, operation, diagnosis and repair) directly related to |
| 11 | defense articles. "Technical Data" does not include information concerning general |
| 12 | scientific, mathematical or engineering principles commonly taught in schools, |
| 13 | colleges and universities or information in the public domain (as defined in the |
| 14 | ITAR). It also does not include basic marketing information on function or purpose |
| 15 | of general system descriptions of defense articles. Defense articles include |
| 16 | Technical Data and all items on the United States Munitions List (USML) per part |
| 17 | 121 of the ITAR. |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SMRH:475725437.1

COMPLIANCE AGREEMENT